PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1999 Honda Prelude struck a hole while she was traveling on County Route 11 near Weirton, Hancock County. County Route 11 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred around 10:00 p.m. on March 31, 2004, a rainy evening. County Route 11 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that she was driving on County Route 11 with traffic coming towards her. She stated that she had noticed the holes a couple of weeks before her accident and had called respondent to complain about them. Mrs. Thomaselli testified that she knew the holes in the road ahead of her, but due to the rain she could not see them. She also stated that due to the traffic and the fire hydrant that was located just on the other side of the holes, she could not avoid them. Claimant stated that the holes were probably about eight inches deep and both were fairly wide. Claimant’s vehicle struck the holes sustaining damage to both passenger side tires, rims, and bearing assemblies totaling $1,304.26. Claimant’s insurance deductible was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 11 at the site of the claimant’s accident for the date in question or at any point in the days prior to the accident.
SamDeCapio, a highway administrator 2 for the respondent in Hancock County, testified that he had no lcnowledge of any holes on County Route 11 near Weirton for the date in question. Mr. DeCapio testified that his office did receive a telephone call from claimant the day after the incident and that they had sent a crew out to repair the holes upon receiving that complaint. Respondent maintains that it had no actual or constructive notice of any holes on County Route 11 on the date of claimant’s accident or prior to that date.
The well-established principle of law in West Virginia is that the state is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicl e struck and that the hole presented a hazard to the traveling public. The size of the holes and the location of the holes on County Route 11 leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Comí finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does malee an award to the claimant in this claim in the amount of $500.00.
Award of $500.00.